**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 07-4483**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

FRANKLIN BLACKMON,

Defendant - Appellant.

———————————

Appeal from the United States District Court for the District of Maryland, at Baltimore.   Catherine C. Blake, District Judge. (1:06-cr-00129-CCB)

———————————

Submitted:  November 26, 2007       Decided:  December 11, 2007

———————————

Before KING, GREGORY, and DUNCAN, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

James Wyda, Federal Public Defender, Martin G. Bahl, Assistant Federal Public Defender, Baltimore, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Tonya Kelly Kowitz, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Franklin Blackmon appeals from his conviction of being in possession of a firearm after having been convicted of a felony offense, in violation of 18 U.S.C. § 922(g)(1) (2000). He contends that the evidence was insufficient to support the jury's verdict. We affirm his conviction.

At Blackmon's trial, Officer Waldman testified that, while he was conducting routine patrol in a high crime area, he heard what sounded like gunshots, and he saw several people running from the 1700 block of Castle Street, heading north. He then heard several more shots and drove his vehicle onto Castle Street to investigate. After turning onto Castle, Officer Waldman saw a man, later identified to be Blackmon, bending over near a parked car and placing a shiny object behind the car's tire. The man then started walking down the street in the direction of Officer Waldman. The officer got out of his police vehicle and ordered the man to stop. Blackmon continued walking. Waldman drew his service revolver and again directed Blackmon to stop. Blackmon then ran down an alleyway. Officer Waldman holstered his revolver and chased and ultimately apprehended Blackmon.

Once Blackmon was secured, Officer Waldman returned to Castle Street and located a silver revolver behind the tire of the parked vehicle near where he had seen Blackmon hunched over. The revolver contained six spent shell casings. Blackmon was placed

under arrest and subsequently charged with being a felon in possession of a firearm.

On cross-examination, defense counsel sought to impeach Waldman based on his prior testimony during a pretrial motion hearing. Specifically, defense counsel questioned Waldman regarding inconsistencies in his testimony about where he thought the gunshots were coming from when he first heard them, whether the parked car under which Blackmon was seen placing the firearm was facing north or south on Castle Street, and whether the gun was placed near the rear tire or the front tire.

The Government also presented the recording of radio calls Waldman made concerning the gunshots sounds and his chase of Blackmon. During the calls, Officer Waldman reported hearing possible gunshot fire and seeing people running. Shortly thereafter he reported that a man was running away, and a bit later, reported that he had seen that man bend down near a car and drop something. On cross-examination, defense counsel noted that Waldman testified that he saw Blackmon drop a gun near the vehicle's tire. Counsel asserted that, if Waldman saw a gun, why did he not alert the officers to the presence of a gun in a public place. Counsel also questioned Waldman's radio silence when a fellow officer requested that a gun dog and a helicopter be sent to help locate the gun.

The parties stipulated that Blackmon had previously been convicted of a felony, that the gun recovered from under the car on Castle Street was a firearm, and that it had traveled in interstate commerce. The Government also presented testimony that there were no suitable fingerprints recovered from the firearm, and that it is difficult to obtain fingerprints from firearms.

During closing arguments, the Government asserted that the discrepancies noted by defense counsel were minor and that Waldman "never wavered on the most important facts," specifically, that after hearing the gunshots, he turned his car onto Castle Street, that Blackmon was the only person on the street, that he saw Blackmon place something shiny beside the tire of a parked car, that Blackmon ran after Officer Waldman directed him to stop, and that he discovered the gun in the place where he previously saw Blackmon place a shiny object. The Government argued that the conflicting statements about which way the parked vehicle was facing and how far into the street Waldman went before stopping do not concern material facts.

A defendant challenging the sufficiency of the evidence "bears 'a heavy burden.'" United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997) (quoting United States v. Hoyte, 51 F.3d 1239, 1245 (4th Cir. 1995)). This court reviews sufficiency of the evidence challenges by determining whether, viewing the evidence in the light most favorable to the Government, any rational trier of

fact could find the essential elements of the crime beyond a reasonable doubt. <u>Glasser v. United States</u>, 315 U.S. 60, 80 (1942); <u>United States v. Tresvant</u>, 677 F.2d 1018, 1021 (4th Cir. 1982). Witness credibility is within the sole province of the jury, and the court will not reassess the credibility of testimony. <u>United States v. Murphy</u>, 35 F.3d 143, 148 (4th Cir. 1994); <u>United States v. Saunders</u>, 886 F.2d 56, 60 (4th Cir. 1989).

We find that, viewing the evidence in the light most favorable to the Government and resolving all contradictions in the evidence in the Government's favor, <u>United States v. Lomax</u>, 293 F.3d 701, 705 (4th Cir. 2002); <u>Tresvant</u>, 677 F.2d at 1021, there was sufficient evidence from which the jury could conclude that Blackmon was in possession of the firearm. Officer Waldman saw Blackmon place a shiny object next to the tire of a parked car and, after apprehending Blackmon, Waldman located the gun next to the tire of the parked car. Accordingly, we affirm Blackmon's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>